**EXHIBIT A**

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

RECEIVED
Civil Clerk's Office
NOV 2 8 2005
Super...
District ... of the
Dis... of Columbia
Washington, D.C.

ROBIN HOPPER and STEVEN HOPPER,

Plaintiffs,

v.

ELI LILLY AND CO., et al.

Defendants.

Civil Action No. 2005 CA 008764 B

Judge Gerald I. Fisher

Next Event:  Initial Conference
February 10, 2006 9:30 a.m.

## DEFENDANT PREMO PHARMACEUTICAL LABORATORIES, INC.'S ANSWER TO COMPLAINT

Defendant Premo Pharmaceutical Laboratories, Inc. ("Premo"), through undersigned counsel, responds to plaintiff's complaint filed on November 7, 2005 ("Complaint") as follows:

In responding to the Complaint, Premo will provide answers only for itself, and will only respond to allegations addressed to or directed at Premo.  Premo has no knowledge or information sufficient to form a belief as to the truth or falsity of allegations relating to any other defendant herein.

1.    Denies the allegations set forth in paragraph 1 of the Complaint and respectfully refers all questions of law to the Court, except that Premo does not contest personal jurisdiction in this matter.

2.    Denies the allegations set forth in paragraph 2 of the Complaint, except admits that, at certain times in the past, Premo manufactured and sold DES in dosage form.

## RESPONDING TO COUNT I

3.    Denies the allegations set forth in paragraph 3 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the plaintiffs' mother's actions and the actions of plaintiffs' mother's physician. Further, admits that at certain times in the past, Premo manufactured and sold DES in dosage form.

4.    Denies allegations set forth in paragraph 4 of the Complaint.

5.    Denies the allegations set forth in paragraph 5 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

## RESPONDING TO COUNT II

6.    Responding to the allegations in paragraph 6 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 through 5 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

7.    Denies the allegations set forth in paragraph 7 of the Complaint.

8.    Denies the allegations set forth in paragraph 8 of the Complaints, except admits that, at certain times in the past, Premo manufactured and sold DES in dosage form.

9.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 9 of the Complaint.

10.    Denies the allegations set forth in paragraph 10 of the Complaint.

11.     Denies the allegations set forth in paragraph 11 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

12.     Denies the allegations set forth in paragraph 12 of the Complaint.

13.     Denies the allegations set forth in paragraph 13 of the Complaint, and respectfully refers all questions of law to the Court.

## RESPONDING TO COUNT III

14.     Responding to the allegations in paragraph 14 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 through 13 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

15.     Denies the allegations set forth in paragraph 15 of the Complaint, and respectfully refers all conclusions of law to the Court, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

16.     Denies the allegations set forth in paragraph 16 of the Complaint, and respectfully refers all conclusions of law to the Court.

17.     Denies the allegations set forth in paragraph 17 of the Complaint, and respectfully refers all conclusions of law to the Court, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

3

18.    Denies the allegations set forth in paragraph 18 of the Complaint and respectfully refers all conclusions of law to the Court.

## RESPONDING TO COUNT IV

19.    Responding to the allegations in paragraph 19 of the Complaint, Premo repeats and realleges the responses to paragraphs 1-18 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

20.    Denies the allegations set forth in paragraph 20 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

21.    Denies the allegations set forth in paragraph 21 of the Complaint.

22.    Denies the allegations set forth in paragraph 22 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

23.    Denies the allegations set forth in paragraph 23 of the Complaint.

## RESPONDING TO COUNT V

24.    Denies the allegations set forth in paragraph 24 of the Complaint and respectfully refers all questions of law to the Court, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

4

## RESPONDING TO COUNT VI

25.    Responding to the allegations in paragraph 25 of the Complaint, Premo repeats and realleges the responses to paragraphs 1-24 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

26.    Denies the allegations set forth in paragraph 26 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26 of the Complaint that, "Plaintiff, Steven Hopper is the husband of Robin Hopper."

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to join and include in this action all identifiable and indispensable parties without whom, in equity and fairness, this action should not proceed.

## THIRD AFFIRMATIVE DEFENSE

The claims for relief alleged in the Complaint are barred by applicable statutes of limitations and by the applicable statutes of repose.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs lack capacity and standing to sue by reason of the fact that no duty was owed the allegedly DES-exposed plaintiffs by Premo at the time such plaintiffs' mother allegedly used the DES referred to in the Complaint or by reason of the doctrine *en ventre sa mere*, and therefore, plaintiffs have failed to allege facts sufficient to state a claim upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have been unable to identify Premo as the person causing the alleged injuries, and therefore have failed to state a claim against Premo upon which relief may be granted.

### SIXTH AFFIRMATIVE DEFENSE

Any damages, injuries or losses that may have been sustained by plaintiffs as alleged in the Complaint were sustained only after the allegedly DES-exposed plaintiffs' mother knowingly and voluntarily assumed any alleged risk inherent in the consumption or use of the DES referred to in the Complaint with respect to herself and her offspring.

### SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, any injuries, losses or damages that plaintiffs may have sustained were caused by the allegedly DES-exposed plaintiffs' own negligence or that of such plaintiffs' mother and, therefore, barred by the doctrine of contributory negligence.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from asserting the claims for relief contained in the Complaint because, if the DES referred to in the Complaint was used by the allegedly DES-exposed plaintiffs' mother during pregnancy with such plaintiffs, the use of said drug was responsible for the birth of such plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

If plaintiffs sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom Premo neither exercised nor had any right of control, for which Premo is and was not responsible, and whose conduct Premo had no duty or reason to anticipate or control.

## TENTH AFFIRMATIVE DEFENSE

If in fact the allegedly DES-exposed plaintiffs' mother used the DES referred to in the Complaint, upon information and belief, said DES was used for a purpose and in a manner not intended or recommended by the manufacturer or distributor thereof and over which Premo had no control.

## ELEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, if the injuries referred to in the Complaint were caused by a drug manufactured or marketed by Premo, such injuries were the result of an idiosyncratic reaction to such drug by the allegedly DES-exposed plaintiffs or by such plaintiffs' mother.

## TWELFTH AFFIRMATIVE DEFENSE

With respect to all claims for relief based upon alleged breaches of express or implied warranties, there was no privity of contract between plaintiffs and Premo.

## THIRTEENTH AFFIRMATIVE DEFENSE

With respect to all claims for relief based upon alleged breaches of express or implied warranties, there was no timely notice of any alleged breach of warranty given to Premo at any time.

## FOURTEENTH AFFIRMATIVE DEFENSE

The DES referred to in the Complaint was a prescription drug, and the federal government has preempted the field of law applicable to prescription drug products and their labeling; the manufacture, distribution and sale of the DES referred to in the Complaint were and are controlled by federal law and the manufacture and sale of said drug by Premo at all times were in compliance with applicable federal law; therefore, the Complaint fails to state a claim for relief upon which relief may be granted in that, *inter alia*, such claims, if upheld, would impede, impair, frustrate or burden the effectiveness of federal law regulating the field of prescription drugs and would constitute an invalid burden by this court on interstate commerce, and would, therefore, violate the Supremacy Clause (Article VI, Section 2) and the Commerce Clause (Article I, Section 8) of the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

In view of plaintiffs' failure to identify the manufacturer of the alleged injury-causing product, the Complaint fails to state a claim upon which relief may be granted, in that, *inter alia*, plaintiffs have asserted claims for relief which, if granted, would contravene Premo's constitutional rights to substantive and procedural due process of law under both the United States and New York Constitutions.

9

## SIXTEENTH AFFIRMATIVE DEFENSE

In view of plaintiffs' failure to identify the manufacturer of the alleged injury-causing product, the Complaint fails to state a claim upon which relief may be granted, in that, *inter alia*, plaintiffs have asserted claims for relief which, if upheld, would constitute a taking of private property for a public use without just compensation and such taking would contravene Premo's constitutional rights under both the United States and New York Constitutions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

If Premo is found liable to plaintiffs for any non-economic loss allegedly suffered by plaintiffs, such liability shall not exceed Premo's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such loss.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If in fact the Complaint is held to contain a cause of action upon which relief may be granted, then plaintiffs' recovery, if any, should be reduced by the relative amount of comparative fault attributable to plaintiffs or their agents or persons other than Premo, or completely barred by the doctrine of contributory negligence.

## NINETEENTH AFFIRMATIVE DEFENSE

This Court is not a proper venue for this action. In addition, Premo gives notice of its intention to rely upon the doctrine of *forum non conveniens*.

## TWENTIETH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over this action

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred by the learned intermediary doctrine.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Premo states that to the extent that plaintiff's demand for judgment includes a request for punitive damages, such request is in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and all applicable state constitutions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Premo states that to the extent that plaintiff's demand for judgment includes a request for punitive damages, such request is in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and all applicable state constitutions.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any award of punitive damages to plaintiff in this case disproportionate to the actual damages incurred by plaintiff, if any, would be in violation of the constitutional safeguards provided under the Constitution of the United States of America and all applicable state constitutions.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Punitive damages cannot be sustained because of the lack of clarity in the standards for awarding punitive damages and plaintiff has failed to state facts sufficient to support a claim for punitive damages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel and/or waiver.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Premo incorporates by reference herein all other applicable defenses set forth in answers by any other defendants and will rely on all defenses which become available during discovery or trial.

12

WHEREFORE, Premo demands judgment dismissing the Complaint in all respects, for the costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief as to this Court may seem just and proper.

Dated:    Washington, D.C.
          November 28, 2005, 2005

                              Respectfully submitted,

                              By: _____
                                Aaron M. Bailey (Bar # 484262)
                                GOODWIN PROCTER LLP
                                901 New York Avenue, N.W.
                                Washington, D.C. 20001
                                Telephone:  (202) 346-4000
                                Facsimile:  (202) 346-4444
                                ABailey@goodwinprocter.com

                              *Attorneys for Defendant*
                              *Premo Pharmaceutical Laboratories, Inc.*

                              Of Counsel:
                              Christopher Garvey, Esq.
                              Diana M. Rosenberg, Esq.
                              GOODWIN PROCTER LLP
                              599 Lexington Avenue
                              New York, New York 10022
                              Telephone (212) 813-8800
                              Facsimile (212) 355-3333
                              Cgarvey@goodwinprocter.com
                              Drosenberg@goodwinprocter.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2005, a copy of the above and foregoing has been duly served upon counsel of record by the manner indicated on the ECF Notice of Electronic Filing to the following: :

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, PA
1320 19th Street, NW
Suite 500
Washington, DC 20036
*Attorneys for Plaintiffs*

John F. Kuckelman, Esquire
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, Missouri 64108
*Attorneys for Eli Lilly and Company*

Sidney G. Leech, Esquire
Malcolm Brisker, Esquire
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
*Attorneys for Bristol-Myers Squibb Company*

Elizabeth Ewert, Esquire
Drinker, Biddle Realth, LLP
1500 K Street, NW, Suite 1100
Washington, DC 20005-1209
*Attorneys for Defendant Pharmacia and Upjohn Company*

John F. Anderson, Esquire
Troutman Sanders LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102

*Attorneys for Defendant Dart Industries, Inc.*

F. Lane Heard III, Esquire
Ashley W. Hardin , Esquire
Williams & Connolly, LLP
725 12th Street, N.W.
Washington, D.C. 20005
*Attorneys for Wyeth*

Aaron M. Bailey (Bar # 484262)

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
11/10/2005
Log Number 510692745

**TO:**  Ed Weltman
Goodwin Procter LLP
599 Lexington Avenue, 40th Floor
New York, NY, 10022-

**RE:**  **Process Served in New Jersey**

**FOR:**  PREMO PHARMACEUTICAL LABORATORIES, INC. (Domestic State: NJ)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Robin Hopper, et al., Pltfs. vs. Eli Lilly and Company, et al., including Premo Pharmaceutical Laboratories, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Initial Order, Summons, and Complaint |
| **COURT/AGENCY:** | Superior Court of the District of Columbia, DC<br>Case # 2005 CA 008764 B |
| **NATURE OF ACTION:** | Product Liability Litigation - Drug Litigation - Plaintiff is seeking damages due to injuries suffered by ingesting a certain drug "DES" |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, West Trenton, NJ |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/10/2005 postmarked on 11/07/2005 |
| **APPEARANCE OR ANSWER DUE:** | 20 days |
| **ATTORNEY(S) / SENDER(S):** | Aaron M. Levine<br>Aaron M. Levine & Associates<br>1320 19th Street N.W.<br>Suite 500<br>Washington, DC, 20036 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day, 790217985701 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | The Corporation Trust Company<br>Tyeasha Weaver<br>820 Bear Tavern Road<br>3rd Floor<br>West Trenton, NJ, 08628 |
| **TELEPHONE:** | 609-538-1818 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action.



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

ROBIN HOPPER
Vs.
ELI LILLY AND COMPANY

C.A. No.     2005 CA 008764 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case is assigned to the judge designated below. All future filings in this case shall bear the name of the judge currently assigned to the case beneath the case number in the caption. Upon the filing of any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge GERALD I FISHER
Date:      November 7, 2005
Initial Conference: 9:30 am, Friday, February 10, 2006
Location:  Courtroom A-50
           515 5th Street N.W.
           WASHINGTON, DC 20001

Caio-60.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| ROBIN HOPPER | 05—0008764 |

*Plaintiff*

VS.                                    Civil Action No. [                    ]

| PREMO PHARMACEUTICAL LAB., INC. |

*Defendant*

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Aaron M. Levine |
Name of Plaintiff's Attorney

By _____
                  Deputy Clerk

| 1320 19th St., NW, Suite 500 |
Address
| Washington, DC 20036 |

Date [ 11/7/05 ]

| (202) 833-8040 |
Telephone

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98    NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

ROBIN HOPPER and STEVEN HOPPER  ]
50 Springchester                 ]
Mattoon, IL 61938                ]
                                 ]                **05-0008764**
                                 ]
              Plaintiff,  ]
                                 ]   CIVIL ACTION NO. _____
    v.                         ]
                                 ]
ELI LILLY AND COMPANY            ]
Lilly Corporate Center, Indianapolis, IN  46285  ]
w/s/o NATIONAL REGISTERED AGENTS, INC.  ]
1090 Vermont Avenue, NW, #910    ]
Washington, DC  20005            ]
                                 ]
                                 ]
    and                      ]
BRISTOL-MYERS SQUIBB COMPANY     ]
a successor of E.R. SQUIBB & SONS, INC.  ]
P.O. Box 4500                    ]
Princeton, NJ  08543             ]
    w/s/o CT CORPORATION         ]
    1025 Vermont Avenue, N.W.    ]
    Washington, DC  20005        ]
                                 ]
                                 ]
    and                      ]
PHARMACIA and UPJOHN COMPANY     ]
(aka THE UPJOHN COMPANY)         ]
100 Route 206 North              ]
Peapack, NJ  07977               ]
    w/s/o CT CORPORATION         ]
    1025 Vermont Avenue, N.W.    ]
    Washington, DC  20005        ]
                                 ]
                                 ]
    and                      ]
DART INDUSTRIES, INC.            ]
a successor to                   ]
REXALL DRUG COMPANY, INC.        ]
14901 South Orange Blossom Trail ]
Orlando, FL 32837                ]
w/s/o  Sheila Ann Marie Moeller, Esq.  ]
Gilbride, Tusa, Last & Spellane, LLC  ]
31 Brookside Drive               ]
Greenwich, CT 06836              ]
                                 ]
                                 ]



and                                              ]
PREMO PHARMACEUTICAL                              ]
   LABORATORIES, INC.                            ]
w/s/o/ Corporation Trust Co.                      ]
820 Bear Tavern Road                              ]
West Trenton, NJ 08628                            ]
                                                 ]
WYETH, INC.                                       ]
5 Giraldi Farms                                  ]
Madison, NJ 07940                                ]
                                                 ]
            Defendants.                           ]

## COMPLAINT
### (DES Litigation – Products Liability, Market Share Liability)

1.      Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2.      Defendants and/or their predecessors, are engaged, or have been engaged, in the

manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the

United States, and are doing business in the District of Columbia, and sought and obtained

industry wide and governmental approval for Diethylstilbestrol ("DES") within the District of

Columbia.

## COUNT I
### (Negligence)

3.      On or about 1969-1970 during her pregnancy with Robin Hopper, the mother of

the Plaintiff herein bought and ingested DES in California.  Her physician prescribed said drug

during the pregnancy.  The drug was sold by Defendants, whom acting in concert, manufactured,

compounded, packaged, labeled, supplied, sold and advertised DES throughout the United

States, and the State of California.

4.      As a result of Plaintiff's embryonic exposure to DES, she suffered injuries,

including, but not limited to, uterine and cervical malformations, with resulting infertility,

ectopic pregnancies, an inability to carry a child to term, and incurred medical expenses for care and treatment, and suffered physical and mental pain and suffering.

5.    Said injuries were the result of the negligence of Defendants, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability)

6.    All of the allegations contained in Count I are realleged and incorporated herein by reference.

7.    DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

8.    Defendants, are engaged, or have been engaged, in the business of producing DES, and are, or have been, commercial manufacturers of said drug.

9.    Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendant's, possession.

10.    Said product was defective when placed on the market by Defendants. DES was sold by Defendants, without sufficient warning or instructions. A reasonable seller would not have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

11.    Defendants, knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should

have been disseminated to overcome Defendants' extensive advertising campaigns proclaiming the safety and efficacy of DES.

12.    As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

13.    By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants, are strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

## COUNT III
### (Breach of Warranty)

14.    All of the allegations contained in Counts I and II are realleged and incorporated herein by reference.

15.    At all times relevant to this action, Defendants, marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

16.    Defendants, knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendants' skills and judgments, and the implied and express warranties and representations.

17.    At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

18.    As a direct result of the breach of warranties by Defendants, Plaintiff has been injured as aforesaid.

## COUNT IV
### (Misrepresentation)

19.     All of the allegations contained in Counts I, II, and III are realleged and incorporated herein by reference.

20.     Defendants, represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

21.     The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendants' representations in his advice about purchase, use, and consumption of DES.

22.     At all times relevant to this action, these representations were known to Defendants, to be false or they were made by Defendants in conscious, reckless and/or unreasonable disregard of facts available to Defendants, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

23.     As a direct result of said false representations by Defendants, Plaintiff was injured as aforesaid.

## COUNT V
### (Punitive Damages)

24.     The acts of the Defendants, were gross, wanton and intentional in that Defendants, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus.  Additionally, the Defendants knew or should have known the DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendants knowingly and intentionally promoted DES for use in pregnancy as

safe and effective to prevent the threat of miscarriage disregarding the published literature that

warned of the risks and criticized its efficacy. The Defendants intentionally, maliciously and

wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to

prevent miscarriage and even recommended its use prophylactively even where no symptoms or

signs of a threatened miscarriage appeared. Additionally, the Defendants fraudulently deceived

the Food and Drug Administration and the obstetrical profession and Plaintiffs by knowingly and

intentionally withholding adverse literature and studies and submitting only favorable reports,

which it knew originated in erroneous studies with incompetent investigators using poorly

designed test methods.

<u>COUNT VI</u>
**(Loss of Consortium – Steven Hopper v. Eli Lilly et.al.)**

25.    All of the allegations contained in Counts I, II, III, IV and V are realleged and

incorporated herein by reference.

26.    Plaintiff, Steven Hopper is the husband of Robin Hopper. As a result of the

negligence, strict liability, breach of warranty, and misrepresentation of Defendants as aforesaid,

Plaintiff Steven Hopper has been deprived of the love, services and affection of his wife, Robin

Hopper.


**WHEREFORE**, Plaintiff Robin Hopper demands judgment against Defendants in the

sum of One Million Dollars ($1,000,000.00), jointly and severally, in compensatory damages

and One Million ($1,000,000.00), jointly and severally, in punitive damages, plus costs.

**WHEREFORE**, Plaintiff Steven Hopper, individually, demands judgment against

Defendants in the sum of Five Hundred Thousand Dollars ($500,000.00), as compensatory

damages and Five Hundred Thousand Dollars ($500,000.00) in punitive damages, plus costs.

Respectfully submitted,
AARON M. LEVINE & ASSOCIATES

_____

Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

_____

Brandon J. Levine, #412130

_____

Renee L. Robinson-Meyer, #455375

_____

Steven J. Lewis, #472564

Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a trial by jury as to all issues of material facts.

_____

Aaron M. Levine