**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

ROBIN HOPPER, <u>et</u> <u>al.</u>,

            Plaintiffa,

       v.

ELI LILLY & CO., <u>et</u> <u>al.</u>,

            Defendants.

_____

Civil Action No. 05-2346  (RBW)

## <u>ORDER FOR PRETRIAL CONFERENCE</u>

### (Judge Walton)

To facilitate the expeditious resolution of the above-captioned civil case in a manner that is fair to the litigants and to achieve the objective of resolving this litigation at the least possible cost, it is on this 4th day of April, 2006, hereby

ORDERED that counsel for the plaintiff(s) and the defendant(s) are directed to comply with each of the following directives:[1]

(1)    <u>COMMUNICATIONS WITH THE COURT</u>:

Counsel should endeavor to keep communications with the court to a minimum. Counsel are advised that chambers staff **cannot** provide legal advice of any kind. <u>Ex parte</u> communications on matters other than scheduling matters are prohibited. Communications concerning scheduling matters should be directed to the court's

---

[1]The court will hold counsel responsible for following the directives set forth in this order.  Failure to conform to this order's directives may result in the imposition of sanctions pursuant to Fed. R. Civ. P. 16(f).

Courtroom Deputy Clerk, Ms. Mattie Powell-Taylor at (202) 354-3184, or if she is

unavailable, to the staff person in the Clerk's Office designated as her substitute.  If it

becomes absolutely necessary for counsel to contact chambers, it should be done

jointly pursuant to a telephone conference.

(2)    <u>MOTIONS FOR EXTENSIONS OF TIME</u>:[2]

Motions for extensions of time are strongly discouraged.  Parties should not

expect the court to grant extensions, absent a showing of good cause.  Motions for

extensions of time shall be filed at least four (4) business days prior to the deadline the

motion is seeking to extend.  All motions for extensions must include the following,

otherwise they will be summarily denied by the court:

> (a)    how many, if any, previous extensions of time the court has
>
> granted to each party;
>
> (b)    the specific grounds for the motion;
>
> (c)    a statement of the effect that the court's granting of the motion will
>
> have on all other previously scheduled deadlines;
>
> (d)    in cases where the motion seeks to extend the deadline for a
>
> dispositive motion, a suggested deadline for the filing of the
>
> opposition and reply;[3] and,
>
> (e)    pursuant to Local Civil Rule 7(b), the moving party shall include a
>
> statement of opposing counsel's position on the motion.

---

[2]The court will not entertain stipulations concerning extensions of time.  Parties must file a motion when seeking an extension.

[3]The deadline for the opposition should be suggested after consulting with opposing counsel.

(3)    <u>JOINT PRETRIAL STATEMENT</u>:

The parties shall prepare a Joint Pretrial Statement rather than separate pretrial

statements.  The Joint Pretrial Statement shall be prepared as follows:

(a)    Counsel for plaintiff(s) shall arrange a face-to-face conference with

opposing counsel.  The objective of the conference shall be the

preparation of the joint pretrial statement.  In addition, at this

conference, counsel shall discuss prospects for settlement;

(b)    Counsel for plaintiff(s) shall file with the court and serve the joint

pretrial statement on opposing counsel no later than **11 calendar**

**days** before the date of the pretrial conference.  The submissions

of all counsel shall be included in the statement;

(c)    The joint pretrial statement shall include:

(1)  All information required by Local Civil Rule 16.5(b);

(2)  A neutral statement of the case appropriate to be read to the

jury during jury selection;

(3)  All stipulated facts (both already agreed and proposed);

(4) Stipulations concerning authenticity of documents and

admissibility of exhibits (both already agreed and proposed);

(5) A list of witnesses scheduled to be called by each party to

testify at trial along with a brief description of their anticipated

testimony and an estimate of the duration of such testimony.

Opinion witnesses shall be designated by an asterisk.  Witnesses

called for impeachment purposes only need not be listed.  No party

may call at trial (except for impeachment purposes) any witness not

listed in the Pretrial Statement.  If there is an objection to a witness

or the anticipated testimony of a witness, for whatever reason,

objections and their grounds must be noted in the Pretrial

Statement or they will be deemed waived;

(6) A list of motions to be decided before or at the commencement

of the trial;

(7)  Proposed amendments to the pleadings; and

(8) An estimate of how long the trial will last.

In addition, if either party has made a jury demand, the Joint Pretrial Statement

shall also include:

(9) Any waiver of jury trial;

(10) Proposed and agreed upon jury voir dire questions; and

(11) Proposed and agreed upon jury instructions.  The parties shall

provide the court with any proposed non-standard blue book jury

instructions[4] on a 3.5 inch high density disk, formatted in Microsoft

Word or WordPerfect.  If either party objects to any portion of the

jointly submitted jury instructions, the objecting party shall identify

for the court (1) the objectionable portion of the instructions, (2) the

basis for the objections, and (3) proposed alternate instructions, if

---

[4]This refers to the Young Lawyers Section of the Bar Association of the District of Columbia's Standardized Civil Jury Instructions for the District of Columbia.

alternatives are deemed appropriate.  Each proposed non-standard

blue book jury instruction or objection thereto shall include citations

to supporting authority.  Citations to standard or pattern instructions

are only appropriate if the instructions are being offered verbatim.

(12) Each party shall provide a brief summary of the testimony of

the witnesses they intend to present.

(13) If there are unusual issues of fact or law that have not already

been addressed by the court or raised in written submissions by the

parties, trial briefs addressing these matters shall be attached to

the Joint Pretrial Statement as addendums.

(d)    Objections to any portion of the joint pretrial statement shall be briefed

and lodged as an addendum that shall be filed simultaneously with the

joint pretrial statement.  The objecting party shall both summarize and

fully brief the grounds for the objection and shall cite authority in support

thereof.  Responses shall be lodged in a like format.  The parties shall

confer to set a schedule that facilitates the full briefing of objections in

advance of the due date for the joint pretrial statement.  Or, if the parties

cannot agree on a schedule, the parties are directed to exchange

objections no later than **ten (10) calendar days** before the date due of

the joint pretrial statement and to exchange responses no later than **five**

**(5) calendar days** before the joint pretrial statement is due.  Replies, if

any, are due no later than **two (2) calendar days** before the joint pretrial

statement is due.

(e)     The parties are to submit a proposed verdict form to the court, including

any proposed special interrogatories (on the same computer disk

referenced above).

(4)     NON-JURY CASES:

In non-jury cases, the parties may be requested at the conclusion of the trial to

present to the court their respective proposed findings of fact and conclusions of law.

(5)     MOTIONS IN LIMINE:

Motions in limine shall be filed with the court and served on opposing counsel no

later than **twenty (20) calendar days** before the date of the pretrial conference;

oppositions shall be due no later than **fifteen (15) calendar days** before the pretrial

conference; and replies shall be due no later than **ten (10) calendar days** before the

pretrial conference.  Counsel shall hand-deliver courtesy copies of these submissions to

the court's chambers.

(6)     SETTLEMENT:

Counsel are expected to evaluate their respective cases for the purpose of

settlement.  The court encourages the use of alternative dispute resolution, e.g.,

mediation or neutral case evaluation, and referral to some form of alternative dispute

resolution will be the norm if such efforts have not already occurred.  The use of these

methods are available at any time, as is a settlement conference before a magistrate

judge or the presiding judge.  If counsel are interested in pursuing these options, they

may contact chambers at any time.  If the case settles in whole or in part, plaintiff's

counsel shall <u>promptly</u> advise the court.

(7)    <u>MOTIONS FOR RECONSIDERATION</u>:

"Motions for Reconsideration" of a prior court ruling are strongly discouraged.

Such motions shall be filed only when the requirements of Fed.R.Civ.P. 59(c) and/or

60(b) are satisfied.  If a motion for reconsideration is filed, it shall not exceed **ten** pages

in length.  Oppositions and replies also may not exceed this page limitation.  Moreover,

the court will not entertain: (a) motions which simply reassert arguments previously

raised and rejected by the court; and (b) arguments which should have been previously

raised, but are being raised for the first time in the "Motion for Reconsideration."  <u>See,

e.g.</u>, <u>National Trust v. Department of State</u>, 834 F. Supp. 453, 455 (D.D.C. 1995).

It is **FURTHER ORDERED** that:

- A pretrial conference shall be held on April 20, 2007 at 9:30 a.m. in the

   Chambers of the Honorable Reggie B. Walton at the E. Barrett Prettyman

   United States Courthouse, 333 Constitution Avenue, N.W. Washington,

   D.C. 20001.

It is **FURTHER ORDERED** that the plaintiff and someone with settlement

authority for the defendant[5] be present at the pretrial conference.[6]

---

[5] If an insurance company will be responsible for approving a settlement, a representative of the company with ultimate settlement authority must be present, unless prior authorization is obtained from the Court for the representative to be available by telephone while the pretrial conference is being conducted.

[6] Non-compliance with this directive will result in the pretrial hearing being rescheduled and the non-compliant party shall be held responsible by the Court for the payment of any expenses incurred by the other party in preparing for and attending the cancelled pretrial conference.

**SO ORDERED.**


Reggie B. Walton
United States District Court Judge