# Exhibit 1

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

ROBIN HOPPER and STEVEN HOPPER ]
50 Springchester ]
Mattoon, IL 61938 ]
                                ]
              Plaintiff,         ]     05-0008764
        v.                       ]  CIVIL ACTION NO. _____
                                 ]
ELI LILLY AND COMPANY            ]
Lilly Corporate Center, Indianapolis, IN 46285 ]
w/s/o NATIONAL REGISTERED AGENTS, INC. ]
1090 Vermont Avenue, NW, #910    ]
Washington, DC 20005             ]
                                 ]
        and                      ]
BRISTOL-MYERS SQUIBB COMPANY     ]
a successor of E.R. SQUIBB & SONS, INC. ]
P.O. Box 4500                    ]
Princeton, NJ 08543              ]
    w/s/o CT CORPORATION         ]
    1025 Vermont Avenue, N.W.    ]
    Washington, DC 20005         ]
                                 ]
        and                      ]
PHARMACIA and UPJOHN COMPANY     ]
(aka THE UPJOHN COMPANY)         ]
100 Route 206 North              ]
Peapack, NJ 07977                ]
    w/s/o CT CORPORATION         ]
    1025 Vermont Avenue, N.W.    ]
    Washington, DC 20005         ]
                                 ]
        and                      ]
DART INDUSTRIES, INC.            ]
a successor to                   ]
REXALL DRUG COMPANY, INC.        ]
14901 South Orange Blossom Trail ]
Orlando, FL 32837                ]
w/s/o Sheila Ann Marie Moeller, Esq. ]
Gilbride, Tusa, Last & Spellane, LLC ]
31 Brookside Drive               ]
Greenwich, CT 06836              ]
                                 ]



RECEIVED
Civil Clerk's Office
NOV 0 7 2005
Superior Court of the
District of Columbia
Washington, D.C.

C:\AARON\2005\Steve\Hopper Robin\Hopper complaint 110205.doc

and                                         )
PREMO PHARMACEUTICAL                        )
  LABORATORIES, INC.               )
w/s/o/ Corporation Trust Co.                )
820 Bear Tavern Road                        )
West Trenton, NJ 08628                      )
                                            )
WYETH, INC.                                 )
5 Giraldi Farms                             )
Madison, NJ 07940                           )
                                            )
           Defendants.   )

## COMPLAINT
(DES Litigation – Products Liability, Market Share Liability)

1. Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2. Defendants and/or their predecessors, are engaged, or have been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and are doing business in the District of Columbia, and sought and obtained industry wide and governmental approval for Diethylstilbestrol ("DES") within the District of Columbia.

## COUNT I
(Negligence)

3. On or about 1969-1970 during her pregnancy with Robin Hopper, the mother of the Plaintiff herein bought and ingested DES in California. Her physician prescribed said drug during the pregnancy. The drug was sold by Defendants, whom acting in concert, manufactured, compounded, packaged, labeled, supplied, sold and advertised DES throughout the United States, and the State of California.

4. As a result of Plaintiff's embryonic exposure to DES, she suffered injuries, including, but not limited to, uterine and cervical malformations, with resulting infertility,

ectopic pregnancies, an inability to carry a child to term, and incurred medical expenses for care and treatment, and suffered physical and mental pain and suffering.

5. Said injuries were the result of the negligence of Defendants, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability)

6. All of the allegations contained in Count I are realleged and incorporated herein by reference.

7. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

8. Defendants, are engaged, or have been engaged, in the business of producing DES, and are, or have been, commercial manufacturers of said drug.

9. Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendant's, possession.

10. Said product was defective when placed on the market by Defendants. DES was sold by Defendants, without sufficient warning or instructions. A reasonable seller would not have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

11. Defendants, knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should

have been disseminated to overcome Defendants' extensive advertising campaigns proclaiming the safety and efficacy of DES.

12. As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

13. By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants, are strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

## COUNT III
### (Breach of Warranty)

14. All of the allegations contained in Counts I and II are realleged and incorporated herein by reference.

15. At all times relevant to this action, Defendants, marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

16. Defendants, knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendants' skills and judgments, and the implied and express warranties and representations.

17. At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

18. As a direct result of the breach of warranties by Defendants, Plaintiff has been injured as aforesaid.

## COUNT IV
### (Misrepresentation)

19. All of the allegations contained in Counts I, II, and III are realleged and incorporated herein by reference.

20. Defendants, represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

21. The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendants' representations in his advice about purchase, use, and consumption of DES.

22. At all times relevant to this action, these representations were known to Defendants, to be false or they were made by Defendants in conscious, reckless and/or unreasonable disregard of facts available to Defendants, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

23. As a direct result of said false representations by Defendants, Plaintiff was injured as aforesaid.

## COUNT V
### (Punitive Damages)

24. The acts of the Defendants, were gross, wanton and intentional in that Defendants, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendants knew or should have known the DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendants knowingly and intentionally promoted DES for use in pregnancy as

safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendants intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendants fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiffs by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

## COUNT VI
(Loss of Consortium – Steven Hopper v. Eli Lilly et.al.)

25. All of the allegations contained in Counts I, II, III, IV and V are realleged and incorporated herein by reference.

26. Plaintiff, Steven Hopper is the husband of Robin Hopper. As a result of the negligence, strict liability, breach of warranty, and misrepresentation of Defendants as aforesaid, Plaintiff Steven Hopper has been deprived of the love, services and affection of his wife, Robin Hopper.

WHEREFORE, Plaintiff Robin Hopper demands judgment against Defendants in the sum of One Million Dollars ($1,000,000.00), jointly and severally, in compensatory damages and One Million ($1,000,000.00), jointly and severally, in punitive damages, plus costs.

WHEREFORE, Plaintiff Steven Hopper, individually, demands judgment against Defendants in the sum of Five Hundred Thousand Dollars ($500,000.00), as compensatory damages and Five Hundred Thousand Dollars ($500,000.00) in punitive damages, plus costs.

Respectfully submitted,
AARON M. LEVINE & ASSOCIATES

_____
Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

_____
Brandon J. Levine, #412130

_____
Renee L. Robinson-Meyer, #455375

_____
Steven J. Lewis, #472564

Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a trial by jury as to all issues of material facts.

_____
Aaron M. Levine