# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBIN HOPPER, et al.                    ]
                                        ]
         Plaintiffs,                    ]
                                        ]
                                        ]   Civil Action No. 05-2346 (CKK)
    v.                                  ]   Next Event:  Initial Scheduling Conf.
                                        ]                2/15/06 at 9:00a.m.
ELI LILLY AND COMPANY, et al.           ]
                                        ]
         Defendants.                    ]

**PLAINTIFF ROBIN HOPPER'S RESPONSES TO DEFENDANTS'
AMENDED UNIFORM PRELIMINARY REQUESTS FOR INFORMATION**

I.    GENERAL AS TO EACH PLAINTIFF

    1.    State the full name, address, social security number, and date and place of birth of each plaintiff.

**RESPONSE:**    a.    Robin Renae Hopper

              b.    50 Springchester, Mattoon, IL 61938

              c.    SSN: 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

              d.    DOB: 5/16/70

              e.    Place of Birth: Gardena Memorial Hospital, Gardena, CA.

    2.    Identify each individual who the Complaint alleges was exposed to DES in utero (the "exposed person").

**RESPONSE:**    Robin R. Hopper.

    3.    State separately the full name, current residential address, and social security number of the natural mother ("DES mother") and natural father of each exposed person. Identify any deceased parent, the date, place, and cause of death.

**RESPONSE:**

        a.    Mother: Fayola Hannah; Residence: 14 Sugar Creek Lane, Mattoon, IL 61938; SSN: 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.

  b.  Father: Dorian Leroy Hannah; Residence: 14 Sugar Creek Lane, Mattoon, IL 61938; SSN: 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.

  4.  State separately for each DES mother and exposed person all previous addresses, the dates and with whom each person resided at those addresses.

**RESPONSE:**  <u>Prior addresses for Plaintiff Robin Hopper:</u>

  a.  1523 1/4 W. 204th Street
    Torrance, CA
    (Birth - 73; with parents and brother Dorian)

  b.  207 S. Laxore #D
    Anaheim, CA
    (1973 - 81; with parents, brother Dorian and sister Melanie)

  c.  1250 Minot
    Anaheim, CA
    (1981 - 82; with parents, brother Dorian and sister Melanie)

  d.  2512 Eola Drive
    Anaheim, CA
    (1982 - 86; with parents, brother Dorian and sister Melanie)

  e.  12050 Drury Lane
    Moreno Valley, CA
    (1986 - 94; with parents, brother Dorian and sister Melanie)

  f.  Address unknown
    Murrieta, CA
    (1994 - 95; with husband Steven Hopper)

  g.  520 Wabash
    Mattoon, IL
    (1995 - 97; with husband Steven Hopper)

  h.  2712 Oak
    Mattoon, IL
    (1997 - 2004; with husband Steven Hopper and daughter Hannah)

  j.  50 Springchester
    Mattoon, IL 61938
    (2004 - Present; with husband Steven Hopper and daughter Hannah)

### Prior addresses for Fayola Hannah:

a. 4946 19th Street North
   St. Petersburg, FL
   (1952 - 65; with parents and siblings)

b. Grady's Trailer Park
   Newman, GA
   (1965 - 66; with parents and siblings)

c. Buena Vista Road
   Columbus, GA
   (1966 - 67; with parents and siblings)

d. Sylvan Pines Apartments
   Columbus, GA
   (1967 - 68; with husband and son Dorian)

e. 1523 1/4 W. 204th Street
   Torrance, CA
   (1968 - 73; with husband, son Dorian and daughter Robin)

f. 207 S. Laxore #D
   Anaheim, CA
   (1973 - 81; with husband, son Dorian and daughters Robin and Melanie)

g. 1250 Minot
   Anaheim, CA
   (1981 - 82; with husband, son Dorian and daughters Robin and Melanie)

h. 2512 Eola Drive
   Anaheim, CA
   (1982 - 86; with husband, son Dorian and daughters Robin and Melanie)

i. 12050 Drury Lane
   Moreno Valley, CA
   (1986 - 2005; with husband and children until each child got married)

j. 14 Sugar Creek Lane
   Mattoon, IL 61938
   (2005 - Present; with husband)

II.  AS TO ALLEGATIONS OF INGESTION

3

As to the DES ingested by or administered to the DES mother during her pregnancy with an exposed person:

5. State the name and last-known address of each pharmacy or other person or facility from which the DES was obtained. If obtained from a pharmacy, state the name of each pharmacist who sold or provided the DES.

**RESPONSE:** Plaintiff's mother recalls filling her DES prescription at a pharmacy in Torrance or

Gardena, California.

6. If the name of the specific pharmacy or other person or place who sold the DES is unknown, set forth the name and the last known address of each pharmacy or pharmacist with whom the person who purchased the DES dealt during the time period of the gestation of the exposed person.

**RESPONSE:** See Plaintiff's Response to UPRI No. 5.

7. Identify the source of the DES including, without limitation, the manufacturer or supplier. State the facts which form the basis of this knowledge and identify all documents upon which these facts are based.

**RESPONSE:** Plaintiff is still investigating.

8. State the trade and/or generic name of the DES administered to or ingested by the DES mother.

**RESPONSE:** Stilbestrol.

9. Describe in detail the physical appearance of the DES administered to or ingested by the DES mother, including its form, shape, color, size, dosage and markings.

**RESPONSE:** Plaintiff's mother recalls that the DES she ingested was in pill form.

10. Describe in detail the container and packaging in which the DES was contained, including the kind, shape, color and size.

**RESPONSE:** Plaintiff's mother recalls a standard prescription bottle.

11. Describe any labeling affixed to the container or packaging holding the DES and the matter printed, written or typed thereon, including instructions for use, if any, and the locations and dates when any notations and writings were made thereon.

**RESPONSE:** Plaintiff's mother does not recall.

12. State the name and last known address of each medical professional who treated, examined or otherwise rendered professional services to the DES mother during her pregnancy with the exposed person. Specify each professional who prescribed, administered and/or provided the DES.

**RESPONSE:** George L. Coleman, M.D. His last known address is unknown.

13. State how the DES mother obtained the DES, including whether she did so on the authorization of a physician's prescription. If so, identify the physician.

**RESPONSE:** Plaintiff's mother obtained the DES on the authorization of Dr. Coleman's prescription.

14. If a prescription for DES was received, identify all words, numerals, symbols, notations and other markings appearing on the prescription.

**RESPONSE:** Plaintiff's mother does not recall.

15. State the dates on which (or, if unknown, the approximate period, week, month or trimester of the DES mother's pregnancy with the exposed person during which) the prescription was made.

**RESPONSE:** Plaintiff's mother was prescribed DES from approximately six weeks through approximately eight months of the pregnancy with the Plaintiff.

16. State the complaints and purpose for which the drug was allegedly prescribed.

**RESPONSE:** DES was prescribed due to prior miscarriage and spotting during this pregnancy.

17. Describe the written or non-written instructions for use given by the prescribing practitioner on each prescription (written or otherwise) including the regimen to be followed. Identify the custodian(s) and location(s) of the instructions. If available, attach copies thereof.

**RESPONSE:** Plaintiff's mother recalls taking DES every day.

18. Identify each prescribing practitioner who authorized any respective prescription to be refilled and the date of each authorization.

**RESPONSE:** See Plaintiff's Response to Request Nos. 12 and 13.

19. State the number of times, and, if known, the dates on which (or, if unknown, the approximate period, week, month or trimester of the DES mother's pregnancy with the exposed person during which) each prescription was filled and/or refilled.

**RESPONSE:** Plaintiff's mother does not recall exact dates of refill, only that she took DES from approximately the sixth week through the eighth month.

20. State the dates on which (or, if unknown, the approximate period, week, month or trimester of the DES mother's pregnancy with the exposed person during which) the drug was ingested by or administered to the DES mother.

**RESPONSE:** See Plaintiff's responses to Nos. 15 and 19.

21. State the name and last known address of each person who purchased or obtained the drug for use by the DES mother.

**RESPONSE:** Plaintiff's mother and father are the only people who filled the DES prescriptions.

22. State, both as to the prescription of DES, and the administration or ingestion of DES, the: (a) dosage strength of each unit; (b) daily regimen; (c) means of administration; and (d) number of days of ingestion.

**RESPONSE:** Plaintiff's mother recalls taking the DES daily.

23. State whether the regimen of DES taken by the DES mother was at any time changed from that initially recommended by the prescribing practitioner. If so, state:

(a) the name and last known address of the practitioner who prescribed the change;

(b) each date on which the change was carried out;

(c) the amount and frequency of dosage on each date; and

(d) the number of days of the changed regimen.

**RESPONSE:** Aside from taking the DES daily, Plaintiff's mother started spotting at approximately three months at which point Dr. Coleman told her take one pill per hour until the spotting subsided. The spotting stopped after a couple of hours and Plaintiff's mother

6

resumed her regular daily regimen.

24. Identify all prescription drugs which the DES mother consumed or was administered during her pregnancy with the exposed person. For each drug, identify: (a) the prescribing practitioner; (b) his/her last known address; (c) the amount, frequency, duration and dates of such prescription, consumption, and /or administration. Do not include in your answer that you identified in response to preceding Requests.

**RESPONSE:** Plaintiff's mother recalls taking provera in addition to DES.

25. State the name and address of each hospital and the dates of each hospitalization for each DES mother during her pregnancy with and resulting birth of an exposed person. Identify the physician attending that birth and the hospital or other place where the birth occurred.

**RESPONSE:** Gardena memorial Hospital, Gardena, CA. See Plaintiff's Response No. 12.

26. (a) State the dates and outcome of each pregnancy of a DES mother (including the pregnancy described above) including those pregnancies not brought to term. Include dates of birth and names of all offspring of those pregnancies, and state whether the DES mother consumed or was administered DES in connection with any of those pregnancies. Also state the names and last known addresses of all medical practitioners seen and facilities visited in connection with those pregnancies. (b) State whether the offspring of those pregnancies have or had any of the conditions which the exposed persons are alleged to have or have had. (c) State whether any of the offspring of the pregnancies has filed a lawsuit related to the mother's use during pregnancy of DES. If so, state the title of the lawsuit, the court in which it was brought, and the current status of the action.

**RESPONSE:** Plaintiff's mother has had five pregnancies as follows:

a. Birth of son Dorian Jay Hannah at Martin Army Hospital in Columbus, GA on January 4, 1968.

b. Miscarriage in May 1969 at approximately four weeks. Plaintiff's mother's treating obstetrician was Dr. George Coleman.

c. Birth of Plaintiff Robin Hopper on May 16, 1970.

d. Miscarriage in July 1977 at approximately six weeks treated by D&C at Martin Luther Hospital in Anaheim, CA.

e. Birth of daughter Melanie Denise Hannah at Martin Luther Hospital in Anaheim, CA on July 6, 1978.

Plaintiff's mother only took Stilbestrol during her pregnancy with the Plaintiff.

7

27. State the date when plaintiff learned that his or her mother took DES during the pregnancy that led to the plaintiff's birth, and the circumstances under which plaintiff acquired this information. Provide copies of all documents that confirm the use of DES.

**RESPONSE:** Plaintiff first became aware that her mother took DES when she was a teenager.

III. <u>AS TO ALLEGATIONS OF INJURIES TO EXPOSED PERSONS</u>
With respect to any allegations in the Complaint that an exposed person has sustained injury as a result of exposure to DES, as to each such person, identified by name:

28. Describe each injury, whether physical or emotional, allegedly sustained and any treatment received therefor.

**RESPONSE:**

a. Abnormal uterus;

b. Right ectopic pregnancy on July 25, 1997 treated by dilation and curettage and laparoscopic removal of the ectopic by Dr. Rick Miller at Sarah Bush Lincoln Health Center, 1000 Health Center Drive, Mattoon, IL 61938;

c. Ruptured right ectopic pregnancy on November 21, 2000. The ectopic pregnancy was treated by laparoscopy, laparotomy and right salpingectomy performed by Dr. Michelle Fenoughty at Sarah Bush Lincoln Health Center, 1000 Health Center Drive, Mattoon, IL 61938;

d. Secondary infertility. Treating physicians were:

   i. Dr. Miller, 500 Health Center Drive, Suite 201, Mattoon, IL 61938;

   ii. Drs. Robert Colver and Laura Reuter, Midwest Reproductive Medicine/Midwest Fertility Specialists, 8081 Township Line Road, Indianapolis, IN 46260; and

   iii. Various providers, Carle Clinic Association, 602 W. University Avenue, Urbana, IL 61801.

e. Anger and resentment that reproductive potential is damaged;

f. Unable to fulfill biological destiny;

g. Impaired relationships with friends and relatives who have children; and

h. Difficulty participating in social activities with other parents.

8

29. As to each injury, specify the date when that person became aware of the injury.

**RESPONSE:** Plaintiff was aware of her pregnancy losses and infertility at the time.

30. Specify the date when that person first sought medical treatment for each injury and the names and addresses of the physicians, other licensed professionals, or medical facilities consulted.

**RESPONSE:** Plaintiff sought treatment for her pregnancy losses and infertility at the time.

31. Specify the date and nature of each consultation with each medical professional listed above, and state the name and professional title and address of each person and facility who was consulted in relation to the alleged injury.

**RESPONSE:** See Plaintiff's Response to Request No. 28.

32. Specify the names, business addresses, and professional titles of all persons or facilities that provided pharmaceuticals to that person, describing the pharmaceuticals provided for treatment of the injury.

**RESPONSE:** See Plaintiff's Response to Request No. 28. Plaintiff is not aware of any pharmaceuticals beyond those listed in her medical records produced.

33. Specify the dates when that person was confined to any hospital, treating facility, bed or house as a result of the said injury.

**RESPONSE:** See Plaintiff's Response to Request No. 28.

34. State which of the injuries, if any, you claim are permanent.

**RESPONSE:** Plaintiff's reproductive tract and anatomic anomalies are permanent.

35. Describe fully what further treatment, if any, will be required as a result of said injury.

**RESPONSE:** Plaintiff's future treatment may include IUIs, IVFs, surrogacies and/or additional adoptions.

36. State what activities, if any, each exposed person claims have been curtailed or ceased by virtue of exposure to DES, including physical, educational, and occupational activities.

**RESPONSE:** Plaintiff's ability to conceive and/or carry a pregnancy to term has been greatly compromised due to her exposure to DES.

37. Identify each exposed person who claims to have suffered or claims will suffer a loss of earnings as a result of the injuries alleged. As to each, state the total amount of the alleged loss. For all actions commenced on or after June 28, 1986, state any amounts for which you have been reimbursed, and by whom, for loss of earnings as a result of the injuries alleged.

**RESPONSE:** Plaintiff is not making a claim for loss of earnings at this time.

38. Identify each exposed person who claims incapacitation from employment as a result of DES exposure alleged in this action. As to each, state the nature of such employment as of the dates of incapacitation; the job performed; the name and address of each employer; the salaries or wages earned; the dates of incapacitation; and the amount of compensation claimed not earned by reason of said incapacitation. For all actions commenced on or after June 28, 1986, state any amounts for which you have been reimbursed and by whom.

**RESPONSE:** Plaintiff is not making a claim for incapacitation from employment at this time.

39. State separately the total amounts, if any, claimed by plaintiff as special damages for: services provided by any provider of diagnosis, treatment, care therapy, rehabilitation or otherwise including, without limitation, physicians, psychiatrists, psychologists, teachers, rehabilitation therapists, physical therapists, occupational therapists, speech therapists, counselors, social workers, and nurses; hospital services; and medical supplies. For all actions commenced on or after June 28, 1986, state whether payment has been made, the amounts and dates of each payment, amounts outstanding, who made the payments, reimbursements received for any payment made, and the source of the reimbursement.

**RESPONSE:** Plaintiff's special damages will be compiled and produced upon receipt.

40. State whether it is claimed that the exposed person's ability to have children has been impaired. If so claimed, also state: any medical test performed to determine that person's fertility and that of his or her spouse; a description of the procedure; the name and address of the place where the test was administered; the name and address of the person who conducted the test; and the results of the test.

**RESPONSE:** Plaintiff is infertile. See Plaintiff's Response to Request Nos. 28 and 33.

41. Does the exposed person have any children? If so, identify each such child; state whether the child is adopted or a natural child; and specify the date of that child's birth or adoption.

**RESPQNSE:** Plaintiff has one child who she adopted on November 24, 2003.

42. State the total number and dates of pregnancies which the exposed person has experienced (or, if the exposed person is male, the pregnancies which he has fathered), whether or not such pregnancies led to the birth of a living child, describe any complications with each such pregnancy; for each pregnancy, state whether the pregnancy was achieved with the assistance of fertility drugs or treatments; state whether or not the pregnancy went to full term, and, if not, when the pregnancy ended; describe the health of the offspring of each such pregnancy at birth; and identify all medical practitioners consulted in connection with each such pregnancy, stating their names and addresses.

**RESPONSE:** Plaintiff has had two pregnancies as listed in Plaintiff's Response to Request No. 28.

IV. **AS TO ALLEGATIONS OF LIABILITY**

43. State whether the plaintiff alleges that any defendants: (i) were negligent, (ii) breached warranties, (iii) made fraudulent representations, (iv) engaged in misbranding or mislabeling, (v) failed to test or warn, and/or (vi) are strictly liable.

**RESPONSE:** Yes, all of the aforementioned.

44. Identify each plaintiff making such claim(s).

**RESPONSE:** Robin Hopper.

45. Identify each such defendant by name.

**RESPONSE:**
    a. Bristol-Myers Squibb Company.
    b. Dart Industries, Inc.
    c. Eli Lilly and Company.
    d. Pharmacia and Upjohn Company.
    e. Wyeth, Inc.

46. As to each defendant, separately specify the acts which constitute the basis for the plaintiff's claim that the defendant is liable to that plaintiff, identifying each such defendant by name, and each such allegation.

**RESPONSE:** As to each defendant, the acts which constitute the basis for Plaintiff's claim include:

a) failure to test for safety or efficacy; b) over-promotion; c) failure to warn; d) strict

11

liability; e) misrepresentation; and f) breach of warranty.

V.  **AS TO THE CLAIMS OF EXPOSED PERSONS NOT BORN IN NEW YORK STATE**

47.  If the exposed person was not born in the State of New York, state whether the DES was ever purchased or acquired in the State of New York, and if so, give the dates and places of those purchases or acquisitions; whether the DES mother resided in the State of New York during any time during the exposed plaintiff's gestation, and if so, state the dates and addresses of residence any other contacts that plaintiffs claim either they or the DES mother had with the State of New York during the exposed person's gestation or at any other time.

**RESPONSE:** Plaintiff's mother did not have any contact with New York during her pregnancy with Plaintiff.

VI.  **OTHER ACTIONS**

48.  State whether any plaintiff has ever instituted an action in New York or a jurisdiction other than New York claiming injury or potential injury as a result of DES, and if so, identify which plaintiffs have done so, and set forth the name and index number of each other action and the name of each court and jurisdiction in which the action was or is pending. If the plaintiff used a different name, please specify the name used.

**RESPONSE:** Not applicable.

VII.  **AS TO PLAINTIFF'S SPOUSE**

49.  Identify the plaintiff's spouse.

**RESPONSE:** Plaintiff's spouse is Steven Jay Hopper.

50.  Identify the plaintiff to whom that spouse is or was married.

**RESPONSE:** Robin Hopper.

51.  State the date and location of the marriage to the plaintiff identified in response to the preceding Request.

**RESPONSE:** Plaintiff married Mr. Hopper on November 26, 1994 in Riverside, California. This is Plaintiff's only marriage.

52.  State whether the spouse alleges that he or she cohabited continuously as husband

and wife with the plaintiff. If not, give the dates during which they did not cohabit as husband and wife following the onset of the injuries alleged by the plaintiff.

**RESPONSE:** Plaintiff and her spouse were apart for approximately three months while transitioning from California to Illinois.

53. State when each spouse became aware of the injuries allegedly suffered by the plaintiff to whom he or she is or was married.

**RESPONSE:** See Plaintiff's Response to Request No. 29.

54. Does the spouse have any children? If so, identify each such child, state whether the child is that person's adopted or natural child, and the date of that child's birth and (if appropriate) adoption. Identify the child's other parent and state whether the other parent is a plaintiff.

**RESPONSE:** See Plaintiff's Response to Request No. 41.

VIII. AS TO DES MOTHER WHO ALLEGES INJURY

55. If the DES mother is also a plaintiff who alleges injury, answer Requests 28 through 39 with respect to the DES mother.

**RESPONSE:** Plaintiff's mother is not a party-plaintiff to the present lawsuit.

IX. AS TO CLAIMS MADE AS A REPRESENTATIVE OF DECEASED

56. If any plaintiff brings this action on behalf of a decedent's estate, identify the decedent and the legal representative of the estate, and state the date of death and date on which the court from which letters of administration or testamentary were issued, and the names and addresses of all beneficiaries and/or distributes and their relationships to the decedent.

**RESPONSE:** Not applicable.

X. DOCUMENT REQUEST

57. Provide the defendants with a copy of the following:

(a) All bills, cancelled checks, receipts, and other papers relating to expenses incurred for the medical treatment, hospital care, physicians' or nurses' services, medical supplies, etc., of the plaintiffs in relation to the injuries alleged.

**RESPONSE:** Medical bills will be produced upon receipt.

 (b) All medical reports from health care providers identified in response to the foregoing demands, including all reports from hospitals, clinics, or physicians.

**RESPONSE:** See Plaintiff's medical records attached hereto as App. No. 1.

 (c) Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain complete records from all hospitals, clinics, and other health care facilities where plaintiff obtained treatment for the injuries alleged, including authorization to obtain all applicable x-ray and technician's reports.

**RESPONSE:** Plaintiff will execute written authorizations addressed to those relevant healthcare providers upon receipt from Defendants if Defendants agree to provide Plaintiff's counsel with copies of all documents received pursuant to said authorizations.

 (d) Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain the complete office medical records relating to plaintiff of each health care provider with regard to the treatment plaintiff received for the injuries alleged.

**RESPONSE:** Plaintiff will execute written authorizations addressed to those relevant healthcare providers upon receipt from Defendants if Defendants agree to provide Plaintiff's counsel with copies of all documents received pursuant to said authorizations.

 (e) Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain complete pharmacy or drug store records with respect to any drug prescribed to plaintiff as identified in response to the foregoing demands.

**RESPONSE:** Plaintiff will execute written authorizations addressed to those relevant pharmacies and/or drug stores upon receipt from Defendants if Defendants agree to provide Plaintiff's counsel with copies of all documents received pursuant to said authorizations.

 (f) Plaintiff's birth certificate, or duly executed and acknowledged written authorization, to obtain plaintiff's birth certificate.

**RESPONSE:** Plaintiff's birth certificate is attached hereto as Appendix No. 2.

(g) Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain attendance and health records from any school or educational facility plaintiff attended.

**RESPONSE:** Not applicable.

(h) Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain salary and attendance records from plaintiff's employer, identified in response to demand No. 38.

**RESPONSE:** Plaintiff is not presently making a claim for loss of wages.

(i) Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain the file or records of all insurance companies, governmental agencies, or other entities representing any collateral source which was identified in response to demand Nos. 37, 38, and 39 in regard to reimbursements made arising from the injuries alleged.

**RESPONSE:** Plaintiff will execute written authorizations addressed to those relevant insurance companies, governmental agencies or other entities upon receipt from Defendants if Defendants agree to provide Plaintiff's counsel with copies of all documents received pursuant to said authorizations.

(j) Duly executed and acknowledged written authorizations in the form annexed hereto to allow defendants to obtain complete records from all hospitals, clinics, or physicians from whom plaintiff's mother received treatment during her pregnancy with plaintiff, through and including their release(s) from the hospital following plaintiff's birth.

**RESPONSE:** Plaintiff's mother will execute written authorizations addressed to those relevant healthcare providers upon receipt from Defendants if Defendants agree to provide Plaintiff's counsel with copies of all documents received pursuant to said authorizations.

All authorizations must be executed by the plaintiff claiming to have sustained injuries, or by plaintiff's natural guardian, or by the decedent's representative or surviving spouse, or, in the case of records relating to the pregnancy leading to plaintiff's birth, by plaintiff's mother, and if the mother is deceased, by her representative or surviving spouse. If executed by any person other than plaintiff, (or in the case of records relating to the pregnancy leading to plaintiff's birth, her mother)

15

that person's relationship to plaintiff or decedent shall by set forth on the authorization.

The information contained in these requests as well as the word usage, sentence structure and opinions, are not solely that of the declarant, rather they are the product of counsel in preparation with declarant.

I SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTY OF PERJURY THAT THE INFORMATION CONTAINED IN THE FOREGOING AMENDED UNIFORM PRELIMINARY REQUESTS FOR INFORMATION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

Dated: 2-3-2006         _____
                        ROBIN R. HOPPER


AARON M. LEVINE & ASSOCIATES

_____
Aaron M. Levine, #7864
1320 19th Street, N.W.
Suite 500
Washington, D.C. 20036
(202) 833-8040

Counsel for Plaintiff

16

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of February, 2006, a true and correct copy of the foregoing Plaintiff Robin Hopper's Responses to Defendants' Amended Uniform Preliminary Requests for Information was served via first class, postage prepaid, U.S. Mail, on counsel for Defendants:

John F. Anderson, Esq.
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, VA 22102
**Counsel for Dart Industries, Inc.**

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Counsel for Bristol-Myers Squibb Co.**

James Dillon, Esq.
Foley Hoag, LLP
155 Seaport Boulevard
Boston, MA 02210
**Counsel for Eli Lilly & Company**

Lawrence H. Martin, Esq.
Foley Hoag, LLP
1875 K Street, N.W., Suite 800
Washington, D.C. 20006
**Counsel for Eli Lilly & Company**

Elizabeth Ewert, Esq.
Drinker, Biddle & Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
**Counsel for Defendant Pharmacia & Upjohn Co.**

F. Lane Heard, Esq.
Williams & Connolly LLP
725 12th Street, N.W.
Washington, D.C. 20005
**Counsel for Defendant Wyeth, Inc.**

_____
Aaron M. Levine