IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN HOPPER and STEVEN HOPPER,<br><br>Plaintiffs,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>Defendant. | CIVIL ACTION No. 05-CV-02346 (RBW/AK) |

**DEFENDANT ELI LILLY AND COMPANY'S
<u>MOTION TO STRIKE THE TESTIMONY OF JULIUS S. PIVER, M.D.</u>**

In their Opposition to Lilly's Motion for Summary Judgment ("Plaintiffs' Opposition" or "Pls. Opp."), plaintiffs Robin and Steven Hopper rely on a statement submitted by Julius S. Piver, M.D. in an attempt to satisfy their burden of proving that the prescribing physician in this case -- Dr. George Coleman -- read and relied on Lilly's product warnings when he prescribed DES to Mrs. Hopper's mother.  Dr. Piver's testimony is incompetent under Rule 56(e) and California law for two reasons: (1) it is irrelevant because it sheds no light on the particular standard of care or prescribing practices of Dr. Coleman, and (2) it lacks a basis in personal knowledge to the extent Dr. Piver is claiming that Dr. Coleman followed what Dr. Piver describes as the standard of obstetric care for prescribing DES in 1969 and 1970.

In addition, Dr. Piver's statement was disclosed for the first time in Plaintiffs' Opposition, effectively denying Lilly the opportunity to depose him.  As plaintiffs' have offered no substantial justification for their failure to disclose Dr. Piver's testimony, and Lilly has been prejudiced thereby, Dr. Piver's testimony should be excluded pursuant to Local Rule 26.2(a).

B3312364.1

### A. Dr. Piver's Testimony Should Be Excluded as Irrelevant and Speculative

Courts applying California law in the failure to warn prescription drug context consistently hold that plaintiffs must produce affirmative evidence to establish the *particular* standard of care and prescription practices of the *relevant* prescribing physician(s) to meet the reliance component of their causation burden. Standing alone, testimony relating to the standard of care and prescription practices of physicians *generally* is insufficient to satisfy a plaintiff's reliance burden. *See e.g. Motus v. Pfizer, Inc.* 196 F.Supp.2d 984, 995 (C.D. Cal. 2001) (granting summary judgment because plaintiff could not establish that *Dr. Trostler* relied on defendant's product warnings); *Huntman v. Danek Medical, Inc.*, 1998 U.S. Dist. LEXIS 13431, at *19 (S.D. Cal. 1998) (granting summary judgment for medical device manufacturer because plaintiff could not establish that *Dr. Thompson* relied on defendant's alleged misrepresentations); *Plummer v. Lederle Labs., Div. of Am. Cyanamid Co.*, 819 F.2d 349, 355-56 (2d Cir. 1987). (reversing verdict for plaintiff because the evidence showed that *Dr. Cohen* had a practice of failing to convey manufacturer warnings to his patients).

Here, Dr. Piver's testimony relates solely to the standard of care and prescription practices of obstetricians *generally* with respect to DES in the 1960s and 1970s. *See* Statement of Julius S. Piver, M.D. ("Piver Statement"), Docket No. 40, App. 6, ¶ 3 (stating that that in the early 1970s, "there was a national standard of care regarding the use of synthetic estrogens during pregnancy where indicated"). There is nothing whatsoever in Dr. Piver's statement about *Dr. Coleman's* personal standard of care regarding the use of DES. As such, Dr. Piver's testimony is irrelevant to this case, it cannot assist plaintiffs in satisfying the reliance component of their causation burden and it should be excluded pursuant to Fed. R. Civ. P. 56(e).

To the extent that Dr. Piver is claiming that Dr. Coleman would have followed the "national standard of care regarding the use of [DES] during pregnancy where indicated," his

testimony lacks any basis in personal knowledge. Here again, there is nothing in Dr. Piver's statement or *curriculum vitae* indicating that he has any personal knowledge about Dr. Coleman or his particular standard of care for prescribing DES to his obstetric patients. Without such personal knowledge, Dr. Piver is merely speculating that Dr. Coleman would have recognized and followed any national standard of care regarding the use of DES during pregnancy. Such speculation is properly excluded under Rule 56(e). *Alyeska Pipeline Serv. Co. v. U.S. EPA*, 856 F.2d 309, 314 (D.C. Cir. 1988) (holding that an affidavit that fails to identify reliable sources of personal knowledge is nothing more than speculation and cannot satisfy Rule 56(e)); *see also Rogers Corp. v. EPA*, 275 F.3d 1096, 1103 (D.C. Cir. 2002) (stating that favorable inferences can only be drawn from a non-movant's evidence when it is based on more than mere speculation); *Judicial Watch v. United States DOC*, 2004 U.S. Dist. LEXIS 19648 at 6-8 (D.D.C. 2004) (striking a statement based on opinion rather than personal knowledge pursuant to Fed. R. Civ. P. 56(e) (citation omitted).

### B. Dr. Piver's Testimony Should Be Excluded as Untimely and Prejudicial

Local Rule 26.2(a) provides:

> A party that without substantial justification fails to disclose information required by this rule or by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Plaintiffs disclosed Dr. Piver's testimony for the first time in their Opposition to Lilly's Motion for Summary Judgment. According to the Court's Scheduling Order, however, plaintiffs' expert disclosures were due in this case on August 4, 2006 and discovery closed on October 31, 2006. *See* Scheduling Order, Docket No. 30. Plaintiffs have offered no substantial justification for their failure to disclose Dr. Piver's testimony. It appears that plaintiffs' counsel has had Dr. Piver's statement in their possession since February 1, 2006, more than six months prior to the

expert disclosure deadline and more than eight months prior to the discovery deadline. *See* Piver Statement, Docket No. 40, App. 6, at 3 (dating the statement February 1, 2006). Plaintiffs cannot claim that they could not anticipate the grounds for Lilly's Motion for Summary Judgment prior to the close of discovery as their counsel has litigated hundreds of DES cases in numerous jurisdictions for many years.

Plaintiffs untimely failure to disclose Dr. Piver's testimony has prejudiced Lilly. Lilly has been deprived of the opportunity to depose this witness on the basis of his description of the standard of care for obstetric patients in 1969 and 1970 as well as the basis of his knowledge, if any, of Dr. Coleman's particular standard of care for the prescription of DES. A deposition of Dr. Piver covering these topics may have strengthened Lilly's Motion for Summary Judgment.

## CONCLUSION

For all the foregoing reasons, Lilly respectfully requests that its Motion to Strike the Testimony of Julius S. Piver be GRANTED.

## REQUEST FOR HEARING

Pursuant to LCvR 7.1(f), Lilly requests a hearing on its Motion to Strike.

Respectfully submitted,

ELI LILLY AND COMPANY

/s/ James J. Dillon
James J. Dillon
D.C. Bar No. 485593
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: February 2, 2005

## LOCAL RULE 7(m) CONFERRAL CERTIFICATION

  I, James J. Dillon certify that on February 2, 2005, counsel for Lilly conferred with Plaintiffs' counsel regarding Lilly's Motion to the testimony of Julius S. Piver, M.D. Plaintiffs' counsel does not consent to the Motion.

                 /s/ James J. Dillon