IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN HOPPER and STEVEN HOPPER,<br><br>Plaintiffs,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>Defendant. | CIVIL ACTION No. 05-CV-02346 (RBW/AK) |

**DEFENDANT ELI LILLY AND COMPANY'S
MOTION TO STRIKE TESTIMONY OF JOHN J. HEFFERREN**

In their Opposition to Lilly's Motion for Summary Judgment ("Plaintiffs' Opposition" or "Pls. Opp."), plaintiffs Robin and Steven Hopper rely on a statement submitted by John J. Hefferren in an attempt to satisfy their burden of proving that Lilly's diethylstilbestrol caused Mrs. Hopper's alleged anatomical injuries. Mr. Hefferren's testimony must be excluded from consideration on summary judgment as it is irrelevant to the issues presented by Lilly's motion and untimely under Local Rule 26.2(a). Lilly has not had the opportunity to depose Mr. Hefferren on his qualifications as an expert or on the materials he references in his statement. Further, plaintiffs' have offered no justification for their untimely disclosure of Mr. Hefferren's testimony. For all these reasons, Mr. Hefferren's testimony must be excluded under Local Rule 26.2(a) from consideration at summary judgment and at trial.

### A. Mr. Hefferren's Testimony is Irrelevant to the Issues Presented in Lilly's Motion for Summary Judgment

Lilly's Motion for Summary Judgment in this case is premised on plaintiffs' inability to produce any affirmative evidence that the prescribing physician, Dr. George Coleman, relied on Lilly's product literature when he prescribed DES to Mrs. Hopper's mother. Mr. Hefferren's testimony is relevant only to product identification, *see* Pls. Opp. at 5, an issue that Lilly does not

contest on summary judgment because plaintiffs' evidence has raised a material question of disputed fact that must be resolved at trial.[1]  Mr. Hefferren's testimony has no bearing on the issue of reliance and should not be considered by the Court in resolving Lilly's Motion for Summary Judgment.

### B. Mr. Hefferren's Testimony Must Be Excluded Under Local Rule 26.2(a) as Untimely and Prejudicial

Local Rule 26.2(a) provides:

> A party that without substantial justification fails to disclose information required by this rule or by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Mr. Hefferren's testimony was disclosed to Lilly for the first time in Plaintiffs' Opposition.  According to the Court's Scheduling Order, however, plaintiffs' expert disclosures were due in this case on August 4, 2006 and discovery closed on October 31, 2006.  *See* Scheduling Order, Docket No. 30.

Plaintiffs have offered no substantial justification for their failure to disclose Mr. Hefferren's testimony.  It appears that Mr. Hefferren completed the research underlying his conclusions "[i]n the winter of 2006" and that plaintiffs' counsel had his statement in their possession by November 10, 2006.  Hefferren Statement, Docket No. 40, App. 8, at 2-3.  Disclosure of Mr. Hefferren's testimony on or around the date his statement was received by Plaintiffs' counsel would have allowed Lilly to move to take his deposition after the close of discovery and before the deadline for filing dispositive motions.

---

[1] Lilly will vigorously contest the issue of product identification, and Mr. Hefferren's competence as an expert, at trial.

Plaintiffs' failure to disclose Mr. Hefferren's testimony prior to the close of discovery has severely prejudiced Lilly. Mr. Hefferren's statement and the materials he cites raise a number of critical questions that could only be answered in a deposition. By way of example:

- Mr. Hefferren states he examined photographs and actual Lilly DES pills during his investigation. Hefferren Statement, Docket No. 40, App. 8, at 2. Mr. Hefferren does not disclose whether he was able to ascertain the year the pills he examined were produced. If Mr. Hefferren was able to ascertain the year of production, he does not identify the source of that information. This is critical information as the appearance of DES pills may have changed from year to year.

- Mr. Hefferren states that the "quarter score [of Lilly's DES pill] with the deep bevel on the inside quarter scoring and the perimeter beveling is a very distinct tablet that would be difficult to formulate and mannufacture [sic]." *Id.* at 2. A brief review of Mr. Hefferren's *curriculum vitae* reveals that he has *no professional experience* working for commercial pharmaceutical companies equipped to produce mass quantities of prescription drugs. How does Mr. Hefferren know that Lilly's DES pill was difficult to formulate and manufacture? What are his qualifications for drawing this conclusion?

- Mr. Hefferren states that his investigation "confirmed this conclusion that the tablet pictured in the photograph [at Exhibit B of his statement] was manufactured by Lilly to a very high level of confidence." *Id.* Mr. Hefferren's *curriculum vitae* does not reveal any training in statistics. That being true, what does "very high level of confidence" mean?

- Mr. Hefferren's conclusions appear to be primarily based on his own work on an article titled *Identification Guide for Solid Dosage Forms*, JAMA, vol. 162, No. 12, December 22, 1962. *See id.* at 1, Ex. D ("Summary of AMA Drug Identification Guide Efforts). Here again, if Mr. Hefferren's conclusions are heavily based on an article that contained descriptions for pills on the market in or before 1962, do those conclusions retain any validity in cases like this one involving post-1962 exposure to DES?

Lilly cannot properly formulate Fed. R. Civ. P. 702 objections to Mr. Hefferren's qualifications as an expert without answers to these and other questions. Lilly cannot now depose Mr. Hefferren as discovery is now closed. Plaintiffs' violation of this Court's scheduling order, and its prejudicial effect on Lilly's ability to mount a complete defense, warrants exclusion of Mr. Hefferren's testimony under Local Rule 26.2(a).

## CONCLUSION

For all the foregoing reasons, Lilly respectfully requests that its Motion to Strike the Testimony of John J. Hefferren be GRANTED.

## REQUEST FOR HEARING

Pursuant to LCvR 7.1(f), Lilly requests a hearing on its Motion to Strike.

Respectfully submitted,

ELI LILLY AND COMPANY

/s/ James J. Dillon
James J. Dillon
D.C. Bar No. 485593
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated:  February 2, 2005

## LOCAL RULE 7(m) CONFERRAL CERTIFICATION

I, James J. Dillon certify that on February 2, 2006, counsel for Lilly conferred with Plaintiffs' counsel regarding Lilly's Motion to Strike the Testimony of John J. Hefferren. Plaintiffs' counsel refused to withdraw the Hefferren Statement for purposes of summary judgment and refused to consent to a deposition of Mr. Hefferren out of time.  Plaintiffs' counsel does not consent to the granting of this motion.

/s/ James J. Dillon