# Appendix 1A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY C. CUTONE and ANTHONY CUTONE, <br><br> Plaintiffs, <br><br> v. <br><br> ELI LILLY AND COMPANY, <br><br> Defendant. | CIVIL ACTION No. 04-CV-12725 (JLT) |

**DEFENDANT ELI LILLY AND COMPANY'S
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Eli Lilly and Company ("Lilly") submits this Memorandum of Points and Authorities in Support of its Motion for Summary Judgment. Lilly is entitled to summary judgment on all claims because Plaintiffs Kimberly Cutone and her husband Anthony Cutone[1] ("Plaintiffs") have not come forward with competent evidence to identify Lilly as the manufacturer of the drug to which Kimberly was allegedly exposed. At least 60 manufacturers produced diethylstilbestrol ("DES") in 1969 and early 1970 when the drug was allegedly ingested. Plaintiffs, however, seek to prove that a Lilly product was used based only on an inconclusive physical description of a pill taken 36 years ago -- a description that fits the product of one manufacturer known to have sold the drug that year and may fit the products of many others whose descriptions are simply not known. Nothing about the utilitarian description given -- white, round, and scored -- is unique or particularly exotic. There is no reason why other

---

[1] Anthony Cutone asserts a claim for loss of consortium.

B3195403.2

8.  Bristol-Myers Squibb Company made and sold diethylstilbestrol as a white, cross-scored pill under the brand name Stilbetin. *See* John J. Hefferon, *Description of the Identification Guide*, 182 JAMA 1146, 1195 (1962) (attached as Ex. 7 to Dwyer Aff.).

9.  There is no information about the physical description of the great majority of the DES pills available in 1969 and 1970; there is no evidence that Lilly's product was the only one to meet the description given by Plaintiffs.

10. Plaintiffs have not produced any prenatal medical records indicating that Ms. Camporesi was prescribed Lilly's diethylstilbestrol.

11. Plaintiffs have not produced any prescription slips or pharmacy records concerning any drug prescribed to Ms. Camporesi during the pregnancy that resulted in Mrs. Cutone's birth.

## ARGUMENT

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Carroll v. Xerox Corp.*, 294 F.3d 231, 236-37 (1st Cir. 2002). Once the moving party has pointed to the absence of adequate evidence supporting the nonmoving party's case, the nonmoving party must come forward with facts that show a genuine issue for trial. *Carroll*, 294 F.3d at 236. Neither "conclusory allegations [nor] improbable inferences" are sufficient to defeat summary judgment. To withstand a properly supported motion for summary judgment, the opposing party must present "enough competent evidence" to enable a fact finder to decide in its favor on the disputed claims. *Id.* at 236-37 (quoting *Goldman v. First Nat'l Bank of Boston*, 985 F.2d 1113, 1116 (1st Cir. 1993)) (citations omitted).

injuries. She sues the owner of a white car that was driving on the same street on the same day that she was hit. During discovery, it comes to light that the street was actually full of cars of varying descriptions that day. To recover in these circumstances, on the basis of a physical description, a plaintiff would have to prove that none of the other cars on the street was white. If one or more other cars were white, it would be just guessing to say that one white car rather than another caused the injury. If the color of the other cars was not known, it would equally be just a guess to *assume* that none of them were white. A verdict cannot rest on such "conjecture." *See Rapid Transit, Inc.*, 58 N.E.2d at 755.

    Here, Plaintiffs cannot meet their burden by eliminating other DES manufacturers as potential tortfeasors. Plaintiffs are trying to identify Lilly as the manufacturer of the drug ingested by Ms. Camporesi based on nothing more than a pill description that fits at least one other known manufacturer. During her deposition, Ms. Camporesi described the DES she allegedly ingested as a round, smooth, flat, hard, uncoated, white pill with a cross and no other markings. Camporesi Tr. at 33, 44 (Dwyer Aff., Ex. 2). Plaintiffs have offered no evidence that Ms. Camporesi's description identifies Lilly and excludes all other possibilities, nor have they established that Lilly was the only manufacturer to offer a DES pill fitting that description. In fact, it is clear that Lilly was not the only company to produce such DES pills. Bristol-Myers Squibb Company made and sold diethylstilbestrol as a white, cross-scored pill under the brand name Stilbetin. *See* John J. Hefferon, *Description of the Identification Guide*, 182 JAMA 1146, 1195 (1962) (Dwyer Aff., Ex. 7). For the great majority of the other 60-plus companies who manufactured DES in 1969 to 1970, there is no information or evidence concerning the appearance of their pills. Plaintiffs have not, and personally cannot, adduce evidence that no other company produced a pill fitting Ms. Camporesi's description. Without more, Ms.

# Appendix 1B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIE DELANEY and<br>WILLIAM P. DELANEY<br><br>        Plaintiffs,<br><br>    v.<br><br>ELI LILLY AND COMPANY,<br><br>        Defendant. | CIVIL ACTION No. 05-CV-10241 (MLW) |

**DEFENDANT ELI LILLY AND COMPANY'S
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Eli Lilly and Company ("Lilly") submits this Memorandum of Points and Authorities in Support of its Motion for Summary Judgment. Lilly is entitled to summary judgment on all claims because Plaintiffs Julie Delaney and her husband William Delaney[1] ("Plaintiffs") have not come forward with competent evidence to identify Lilly as the manufacturer of the drug to which Julie was allegedly exposed. At least 60 manufacturers produced diethylstilbestrol ("DES") in 1969 and early 1970 when the drug was allegedly ingested. Plaintiffs, however, seek to prove that a Lilly product was used based only on a physical description of a pill taken 36 years ago -- a description that fits one non-Lilly product in those years and may fit many other such products whose descriptions are simply not known. Nothing about the utilitarian description given -- white, round, and scored -- is unique or particularly exotic. There is no reason why other companies could not have made similar pills.

---

[1] William Delaney asserts a claim for loss of consortium.

B3249685.1

10. In 1969 and 1970, DES was manufactured by more than 60 different companies. *See* 1969 Red Book (excerpt attached as Exhibit 7 to Henninger Aff.) (identifying 68 DES manufacturers); 1970 Red Book (excerpt attached as Exhibit 8 to Henninger Aff.) (identifying 60 DES manufacturers; 1969 Blue Book (excerpt attached as Exhibit 9 to Henninger Aff.) (identifying 22 DES manufacturers); 1970 Blue Book (excerpt attached as Exhibit 10 to Henninger Aff.) (same). At least 48 of these manufacturers marketed DES in 5 milligram and 25 milligram dosages. *Id.*

11. Bristol-Myers Squibb Company made and sold diethylstilbestrol as a 100 milligram, white, cross-scored pill under the brand name Stilbetin. *See* John J. Hefferon, *Description of the Identification Guide*, 182 JAMA 1146, 1195 (1962) (attached as Ex. 11 to Henninger Aff.).

12. There is no information about the physical description of the great majority of the DES pills available in 1969 and 1970; there is no evidence that Lilly's product was the only one to meet the description given by Plaintiffs.

13. Plaintiffs have not produced any prescription slips or pharmacy records concerning any drug prescribed to Ms. O'Leary during the pregnancy that resulted in Mrs. Delaney's birth.

## ARGUMENT

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Carroll v. Xerox Corp.*, 294 F.3d 231, 236-37 (1st Cir. 2002). Once the moving party has pointed to the absence of adequate evidence supporting the

29-30 (Henninger Aff., Ex. 3). Plaintiffs have offered no evidence that Ms. O'Leary's description identifies Lilly and excludes all other possibilities, nor have they established that Lilly was the only manufacturer to offer a DES pill fitting that description. In fact, it is clear that Lilly was not the only company to produce such DES pills. Bristol-Myers Squibb Company made and sold diethylstilbestrol as a white, cross-scored pill under the brand name Stilbetin. *See* John J. Hefferon, *Description of the Identification Guide*, 182 JAMA 1146, 1195 (1962) (Henninger Aff., Ex. 11). For the great majority of the other 60-plus companies who manufactured DES in 1969 to 1970, there is no information or evidence concerning the appearance of their pills. Plaintiffs have not, and personally cannot, adduce evidence that no other company produced a pill fitting Ms. O'Leary's description. Without more, Ms. O'Leary's description does not make it more likely than not that Lilly, as opposed to Bristol-Myers Squibb or some other unidentified drug company, manufactured the DES to which Mrs. Delaney was exposed.

This situation is very similar to a recent case in the District of Columbia where the court granted Lilly summary judgment because plaintiff's identification of a small, round, white pill with a cross and no other markings failed to exclude all other DES pills. *See Galvin v. Eli Lilly & Co.*, No. 03-1797, slip op. (D.D.C. June 10, 2005). In subsequently denying the Galvin plaintiff's Motion to Alter or Amend Judgment, the court emphasized that testimony regarding another manufacturer's pill that met plaintiff's mother's description was not offered to show that this pill was actually stocked by the pharmacy used by the plaintiff's mother (and thus presumably dispensed to plaintiff's mother) but, rather, to show that the plaintiff could not eliminate the possibility based on her mother's unexceptional pill description. *See Galvin v. Eli Lilly & Co.*, No. 03-1797, slip op., pp. 7-8 (D.D.C. September 12, 2005); *see also Bortell v. Eli*

# Appendix 1C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHELLE TAIT and STEVEN TAIT,<br>Plaintiffs,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br>Defendant. | )<br>)<br>)<br>)<br>)    C.A. No. 05-cv-2082<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT ELI LILLY AND COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

This is a products liability action allegedly involving the prescription drug diethylstilbestrol ("stilbestrol" or "DES"), an unpatented synthetic estrogen used for decades to treat a variety of conditions, including the treatment of some types of cancer and some accidents of pregnancy. On July 16, 2004, plaintiffs Michelle and Steven Tait ("plaintiffs") filed this action against Eli Lilly and Company ("Lilly"), alleging Michelle Tait's mother, Alberta Jean Steffen, ingested DES during her pregnancy with Michelle Tait in 1968-69 and that, as a result, plaintiff sustained certain alleged injuries. Lilly now moves for summary judgment because the undisputed facts and relevant law establish that plaintiffs' claims fail as a matter of law.

First, Texas law requires that plaintiffs prove that Michelle Tait was exposed to DES. Plaintiff, however, has no admissible evidence that her mother ingested DES during her pregnancy with plaintiff. Plaintiff has identified no pharmacy, medical or other records showing that plaintiff's mother, Mrs. Steffen, took DES during her pregnancy with plaintiff. Instead, plaintiff offers inadmissible hearsay testimony that her mother was prescribed DES during her pregnancy with plaintiff. In the absence of admissible evidence that plaintiff was exposed *in*

1987566v1

12. More than 65 companies manufactured DES in dosage sizes indicated for use in pregnancy in 1968 and 1969. (*See* excerpts from 1968 and 1969 Drug Topics Red Book and excerpts from 1968 and 1969 American Druggist Blue Book, **Attachments 1 and 2** respectively, to Affidavit of M. Scott Michelman in Support of Defendant Eli Lilly and Company's Motion for Summary Judgment, attached hereto as **Exhibit 5**.)

13. Among the more than 65 companies that manufactured DES in dosage sizes indicated for use in pregnancy in 1968 and 1969, some manufactured a white, cross-scored pill, including but not limited to, Squibb (Exhibit 5, 1968 and 1969 American Drug Topics Red Book at pp. 155, 442 and pp. 154, 435 respectively; *see also* John J. Hefferen, Description of the Identification Guide, JAMA, Dec. 22, 1962, at pp. 129, 151, attached hereto as **Attachment 3** to Exhibit 5.)

14. In response to written discovery, plaintiffs produced a "Statement" signed by Felipe Salinas, a pharmacist who worked at a Mading-Dugan drug store located at 2801 Red Bluff Road in Pasadena, Texas from 1961 through 1970. (*See* "Statement of Pharmacist," attached hereto as **Exhibit 6**.)

15. Mr. Salinas never worked at the South Park Mading-Dugan drug store in Houston, Texas, nor has he ever visited the store. (Felipe Salinas Depo., excerpts attached hereto as **Exhibit 7**, pp. 8, 24.)

16. Mr. Salinas testified that he has no knowledge regarding what brand of DES the South Park Mading-Dugan drug store carried and the pharmacists at Mading Drug stores could order any brand of drugs they desired. (*Id.*, at p. 12.)

17. Mr. Salinas cannot testify as to who manufactured the diethylstilbestrol Mrs. Steffen claims to have purchased from the South Park Mading-Dugan drug store. (*Id.*, at p. 28.)

18. Plaintiffs have identified no records of her mother's pregnancy with her in response to Lilly's discovery requests. (*See* Plaintiff Michelle Tait's Response to Defendant Eli

-4-
1987566v1