# APPENDIX 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN HOPPER and STEVEN HOPPER ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION No. 05-CV-02346 (RBW/AK) |
| v. ) | NEXT EVENT: |
| ) |    Pretrial Conference May 7, 2007 at 9:30AM |
| ELI LILLY AND COMPANY, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANT ELI LILLY AND COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTIONS TO STRIKE THE STATEMENTS OF JULIUS PIVER, M.D. AND JOHN J. HEFFERREN, Ph.D.**

Plaintiffs Robin Hopper and Steven Hopper present this Response to Defendant Eli Lilly and Company's Reply Brief in Support of Its Motions to Strike the Statements of Julius Piver, M.D., and John J. Hefferren, Ph.D., in order to respond to Defendant's claim that it was prejudiced by the late disclosure of Dr. Piver and Dr. Hefferren. Defendant cites as support three cases regarding the disclosure, *close to trial*, of witnesses whose surprise expert opinions were unknown to the defense. These facts are not those of the present case. We are not close to trial nor are these witnesses a surprise to Lilly.

In each of Defendant's cases – Musser v. Gen-Tiva Health Serv's, 356 F.3d 751 (7th Cir. 2004), Lohnes v. Level 3 Comm'ns, Inc., 272 F.3d 49 (1st Cir. 2001), and Trost v. Trek Bicycle Corp., 162 F.3d 1004 (8th Cir. 1998) – the opinions of the late-disclosed experts were unknown to the defense. In Trost, the expert conducted no research and drafted no opinion until after expert reports were due. 162 F.3d at 1007. In Lohnes, the plaintiff provided no explanation in response to the defendant's motion to strike; prior knowledge of the opinion of the expert was not at issue. Lohnes, 272 F.3d at 60. Here, Defendant was aware of the experts' opinions in substantially similar

litigation. There is no surprise from Plaintiffs' experts.

In each of Defendant's cases, a critical factor to the exclusion of the experts was the closeness of trial. In Musser, the expert witness was disclosed in November and trial was scheduled for March. Musser, 356 F.3d at 754, 759. In Lohnes, the expert was disclosed "fewer than three weeks before the final pretrial conference." Lohnes, 272 F.3d at 60. In Trost, the expert was disclosed in November and the case was on the January trial calendar. Trost, 162 F.3d at 1007, 1008.

In the present case, Plaintiffs filed their Opposition with the witnesses at issue more than three months before the *first* pretrial conference. There is no trial date yet set in this case, and the likelihood of a trial date set before the second half of this year is miniscule. There is ample time for Defendant to prepare a defense against these experts, especially as Defendant has encountered them before.

**CONCLUSION**

For the foregoing reasons as well as those contained in Plaintiffs' Opposition, Plaintiffs respectfully request that Defendant's Motions to Strike be Denied.

Respectfully submitted,

AARON M. LEVINE AND ASSOCIATES

   /s/ Aaron M. Levine
Aaron M. Levine, #7864
1320 Nineteenth Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

COUNSEL FOR PLAINTIFFS